IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00987-BNB

ANTONIO DWAN WILLIAMS,

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEPARTMENT,
EL PASO COUNTY, and
THE STATE OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Antonio Dwan Williams, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Williams has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

    The Court must construe the Prisoner Complaint liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Williams claims that his constitutional rights were violated in July 2007 when he was arrested by police in Colorado Springs, Colorado, on a defective arrest warrant. Although not entirely clear, Mr. Williams apparently contends that identifying information in the arrest warrant relates to another individual named Antonio Xavier Williams. Mr. Williams maintains that he has sought "[j]ustice through the criminal courts with no [e]ffect, so now the Petitioner files a civil action for 7 million dollars plus damages from the false arrest and false imprisonment d[ue] to the violation of the Petitioner's [F]ourth, [F]ifth, and [F]ourteenth Amendment [r]ights to Due Process." (ECF No. 1 at 3.) For the reasons stated below, the Court will dismiss the action.

Mr. Williams' claims for damages implicate the validity of his conviction and sentence, and they are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Williams believes his false arrest and false imprisonment claims implicate the validity of his conviction and sentence. For one thing, Mr. Williams

2

specifically asserts that he is seeking damages for the false arrest and false imprisonment caused by the alleged constitutional violations. In addition, Mr. Williams previously has raised the same false arrest claim in habeas corpus actions filed in the District of Colorado in which he directly challenged the validity of his conviction and sentence. *See Williams v. Chapdlaine*, No. 11-cv-02643-LTB (D. Colo. Jan. 4, 2012) (habeas corpus action pursuant to 28 U.S.C. § 2254 claiming false arrest pursuant to defective arrest warrant dismissed as procedurally barred); *Williams v. Fauclk*, No. 13-cv-02146-LTB (D. Colo. Aug. 15, 2013) (§ 2254 habeas corpus action claiming sentence is illegal because of a false arrest pursuant to defective arrest warrant dismissed for lack of subject matter jurisdiction), *appeal dismissed*, 535 F. App'x 763 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1287 (2014).

It also is apparent that Mr. Williams has not invalidated the validity of his conviction and sentence. Therefore, Mr. Williams's claims for damages which implicate the validity of his conviction and sentence are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Any false arrest claim that is not barred by the rule in *Heck* is barred by the statute of limitations. Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal

under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

It is obvious on the face of the Prisoner Complaint that any false arrest claim not barred by the rule in *Heck* accrued in 2007 and is time-barred because the relevant statute of limitations is only two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (two-year statute of limitations applies to § 1983 claims in Colorado). Mr. Williams did not file the instant action until April 2014. Therefore, any false arrest claim not barred by the rule in *Heck* must be dismissed.

Even if the false arrest and false imprisonment claims were not barred by the rule in *Heck* and the statute of limitations, the Eleventh Amendment prevents Mr. Williams from suing the State of Colorado for damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Therefore, Mr. Williams's claims against the State of Colorado must be dismissed.

Mr. Williams also may not sue the Colorado Springs Police Department because the Colorado Springs Police Department, which is not a separate legal entity from the

City of Colorado Springs, is not a person subject to suit under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Even construing the Prisoner Complaint liberally as asserting a claim against the City of Colorado Springs, Mr. Williams may not sue a municipality like the City of Colorado Springs or El Paso County in a civil rights action pursuant to § 1983 unless he can demonstrate he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Mr. Williams fails to allege that the false arrest in 2007 was caused by a municipal policy or custom of either the City of Colorado Springs or El Paso County. Therefore, Mr. Williams's claims against those Defendants also will be dismissed for that reason.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the Colorado Springs Police Department's Motion to Dismiss (ECF No. 6) is DENIED as moot.

DATED at Denver, Colorado, this  7th  day of    May   , 2014.

BY THE COURT:


   s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court